UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Sreekar Tummala,<br><br>*Plaintiff,*<br><br>v.<br><br>Apex-Aid, a business association, Horst Mack, an individual, CXISUX, a business association, David Chilver, an individual, and John Does 1 – 20,<br><br>*Defendants.* | Case No. 1:25-cv-00140<br><br>**Complaint** |

Plaintiff Sreekar Tummala hereby sues Apex-Aid, Horst Mack, CXISUX, David Chilver, and John Does 1 – 20 (collectively, the "Defendants"). In support, he alleges as follows.

## I.    Preliminary Statement

1. Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering" scams—and are continuing to do so even as we speak.

2. Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and

building trust with the victim, using diabolical psychological techniques to lower their target's defenses. They then convince the victim to "invest" using a realistic-looking online cryptocurrency-trading platform. The victim deposits money and, over time, profits appear to grow. But when the victim tries to withdraw these profits, problems emerge. The scammers demand more money in 'taxes' or 'fees' to release the victim's funds. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with the victim's money and cut off contact.

3.  Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. The FBI reports that Americans lost more than $3 billion to pig-butchering scams in 2023 alone.

4.  This is an action by a victim of one such scam, Mr. Sreekar Tummala. The Defendants tricked Mr. Tummala into investing on a platform that turned out to be a scam, and in so doing stole $619,231.80 of his savings. Mr. Tummala has now been "slaughtered," in the scammers' parlance, and his money spirited away to foreign bank accounts and crypto wallets.

5.  This action and coordination with law enforcement are Mr. Tummala's only hopes for recovery. In this suit, he seeks the return of the

assets stolen from him and additional damages and equitable relief described below.

## II. Parties

6. Plaintiff Sreekar Tummala is an individual. He is a resident of Plano, Texas.

7. Apex-Aid is a fraudulent virtual asset recovery firm. Its headquarters and situs of organization are unknown.

8. Horst Mack is an individual of unknown citizenship. His present whereabouts are unknown.

9. CXISUX is a fraudulent cryptocurrency-investment platform. Its headquarters and situs of organization are unknown.

10. David Chilver is an individual of unknown citizenship. His present whereabouts are unknown.

11. Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are CXISUX's, Horst Mack's, Apex-Aid's, and David Chilver's co-conspirators.

## III. Jurisdiction & Venue

12. This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Accordingly, this Court has federal-question jurisdiction.

13. Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the

State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

14.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

**IV.   Allegations**

15.   In November 2023, Horst Mack added Mr. Tummala to a WhatsApp group of which Horst was the purported leader, promoting a crypto-trading platform called CXISUX.

16.   Over the next several months, Mack 'trained' Mr. Tummala and the other members of the group in cryptocurrency trading using the CXISUX platform. Mack and his assistant provided guidance in the form of detailed instructions for accessing and using the platform, and precise times for the group members to conduct short-term arbitrage and options trades in various virtual assets. Over time, Mr. Tummala sent assets to CXISUX with a dollar-denomiated value of $83,771.36. A ledger showing all of Mr. Tummala's outgoing transfers to CXISUX—each made at the encouragement and instruction of Horst Mack—is set out as <u>Attachment 1</u> to this Complaint.

17.   Mr. Tummala's balance on the CXISUX platform appeared to grow rapidly—eventually showing that he had almost doubled his total

investment amount. But when he attempted to withdraw his funds, CXISUX would not allow their release and offered no response to any of his efforts at communication. He realized that he had been scammed and sought legal help.

18.     In the course of his search for legal aid, Mr. Tummala found a company called Apex-Aid that claimed to specialize in virtual asset recovery for victims of fraud. He submitted an inquiry and was contacted by David Chilver, an individual claiming to be the CEO of Apex-Aid. Chilver claimed to be able to recover the assets that Mr. Tummala transferred to CXISUX.

19.     During this period, Chilver would contact Mr. Tummala with updates on the status of his recovery and request additional payments to pay for "tools" and "mining costs" in the furtherance of investigating the scam and recovering his stolen funds.

20.     Mr. Tummala transferred $535,460.44 in total to Chilver and Apex-Aid throughout this process. When Chilver's demands for additional payments continued with no evidence of any of Mr. Tummala's assets having actually been recovered, Mr. Tummala realized he had again been scammed. A ledger showing each of Mr. Tummala's outgoing transfers to Apex-Aid is set out as Attachment 2 to this Complaint.

21.     The Defendants victimized Mr. Tummala in a pig-butchering scam. The CXISUX platform was never a "trading platform" of any sort. It was a simulacrum of a trading platform where no actual trading or investment ever occurred. The account balances, the purported profits, and

the transaction history displayed were real only in the sense that they reflected the monies Mr. Tummala sent to the Defendants. And this was simply to ensure that their fake trading platform appeared to be functioning. The assets Mr. Tummala transferred to the Defendants were never 'deposited' on CXISUX. They were never used for cryptocurrency trading. They were simply stolen.

22. David Chilver is not and was not the CEO of an asset recovery firm. He was the figurehead for the "recovery scam" that followed the investment scam operated by Mack and CXISUX. This is a common feature of pig-butchering operations. While the victim is the most confused and desparate, other scammers pose as purported recovery specialists who offer a ray of hope. But no recovery efforts ever occur—the assets transferred to the scammers by the victim are, again, stolen.

23. Mr. Tummala was not the only victim of the Defendants' scam. Blockchain and publicly available online evidence show that Defendants defrauded at least dozens of other persons over more than a year.

### V. Causes of Action

24. Mr. Tummala brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

## Count One
### Racketeering in Violation of 18 U.S.C. § 1962(c)
### Against All Defendants

25. Horst Mack, CXISUX, Apex-Aid, David Chilver, and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Pig Butchering Enterprise."

26. The Pig Butchering Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described above. They did so using their online platform and digital communications with Mr. Tummala and others. Mr. Tummala relied on the Defendants' fraudulent statements to his detriment.

27. The Defendants shared the common purpose of defrauding and stealing from Mr. Tummala and other victims and thereby converting and exercising dominion over their assets.

28. The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Pig Butchering Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

29. All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Mr. Tummala and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

30. The Pig Butchering Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. The Pig Butchering Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Mr. Tummala's. To the extent the Pig Butchering Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

31. As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Mr. Tummala was injured in his business and property within the meaning of 18 U.S.C. § 1964(c). The Defendants stole Mr. Tummala's savings and thereby caused him to suffer deprivations and extreme mental and

emotional distress. He is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count II
### Conversion
### Against All Defendants

32. As more fully alleged above, the Defendants misappropriated Mr. Tummala's assets.

33. The Defendants converted Mr. Tummala's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Mr. Tummala's exclusion and detriment.

34. Mr. Tummala has suffered damages as a direct and proximate result of Defendants' conversion.

### Count III
### Fraud
### Against All Defendants

35. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

36. As alleged above, the Defendants made numerous false representations to Mr. Tummala, including that theirs was a legitimate trading platform through which Mr. Tummala might make a return on his

assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Mr. Tummala to rely on their statements to his detriment, which he did.

## VI.  Relief Sought

37. Mr. Tummala requests that judgment be entered against each of the Defendants on each of the causes of action set out above. he seeks relief as follows:

   a. Imposition of a constructive trust over his stolen assets and return of those assets to his possession;

   b. Monetary damages;

   c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

   d. Punitive damages;

   e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

   f. Pre- and post-judgment interest;

   g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

   h. Other relief as the Court deems just and proper.

Dated:  March 26, 2025                    Respectfully submitted,

                                                                        THE HODA LAW FIRM, PLLC

*/s/ M. Hoda*

———————————————
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*

## ATTACHMENT 1 – PLAINTIFF OUTGOING TRANSFERS TO CXISUX

| Date | Currency | Crypto Amount | USD Amount | Transaction Hash |
|---|---|---|---|---|
| 12/6/2023 | USDT | 4886.22680700 | $4,886.23 | 0x14712b5104061f6f5d0ae3f05331c7def2294992a8dfaa2f459b53e8d88d0329 |
| 12/11/2023 | USDT | 9863.35198900 | $9,863.35 | 0xaae89f11b530fed13f1ab0a118a7c47e04fc8087a5597e05ed3151a397ce6a21 |
| 12/12/2023 | USDT | 4924.63648100 | $4,924.64 | 0x394d4de776ca5f2d93562bb95b2782f3e6518f03d7f23b7ebd9285018673c908 |
| 12/14/2023 | USDT | 107.24731000 | $107.25 | 0x39876ccb5d42ddace301b0a9faa4bf080986f4bb06b16a6039b9aacbcd095e1a |
| 12/14/2023 | USDT | 39279.50649000 | $39,279.51 | 0x1741cc7884ae9b5f2cc1c8c5589b2d0c2de134e8f875429d35cda824b14f254 |
| 12/18/2023 | USDT | 19700.17718000 | $19,700.18 | 0x77060a94a55e8630090e96e1dd371a8c23e9f981c0680466bff4050a5175a625 |
| 12/27/2023 | USDT | 5000.19847400 | $5,000.20 | 0x9d0161eb4350451f2e9ef4bfdbbab8452482f1ef08120453e1e2b730214ed4bd |

# ATTACHMENT 2 – PLAINTIFF OUTGOING TRANSFERS TO APEX-AID

| Date | Currency | Crypto Amount | USD Amount | Transaction Hash |
|---|---|---|---|---|
| 3/22/2024 | BTC | 0.01599265 | $1,004.78 | fbe3b8ce7c6f19ed94322bc668f7bfd519dfa999c4a4863066cc64f3ebee8708 |
| 3/22/2024 | BTC | 0.19789258 | $12,593.27 | 2257b4b91d30bfd02dfd4080f9dd6464d7c39a9b133d6928f5cb8bff6694e54f |
| 4/4/2024 | BTC | 0.23338397 | $16,000.65 | 8fbc9a0d62d5063322bb3620a0555de5fb9599a1f30845cd5af5e5aa1e790d4f |
| 4/9/2024 | BTC | 0.14537612 | $10,006.55 | 2af105efedec757c7cb8a6d405f1dc9a378e4c970512ffc66380d405677bf441 |
| 4/9/2024 | BTC | 0.01456674 | $1,005.37 | b17649c3af887c205ae7ceed82ec9dbf008f711309a2d81f51393594578a7489 |
| 4/17/2024 | BTC | 0.34829297 | $21,011.93 | f6706c4da4090efda0a8e05adf6aab3a4b1e3309b3201522c9910eb4768e8359 |
| 4/18/2024 | BTC | 1.00019827 | $63,380.33 | 26400b8c5a50d101cb368ae73274e9f7154fe5c8daf79f807d8e0fc1192bab59 |

| 4/20/2024 | BTC | 1.00140000 | $65,467.78 | e5d04f4d0b73db47d6811bd4f21d2ca179a3076f06d767c638dd71fcce719bfe |
| --- | --- | --- | --- | --- |
| 4/27/2024 | BTC | 1.58912723 | $100,024.79 | a75918907fe5d98b9ecd0b2684d94654d6196d83e76c01edfb47a2aa9318d191 |
| 5/4/2024 | BTC | 0.31377377 | $20,002.64 | 9f179629e3c2401a60c5cce0f180982c39c063f65033e953a66c65f7f6eee830 |
| 5/6/2024 | BTC | 0.46670490 | $30,003.12 | 2a28c80e269245434bf26c3b0b73d60cc8ba0c9585fb9c563440a5852d6a26f0 |
| 5/8/2024 | BTC | 0.32119675 | $20,003.02 | 96f94ce17ed260a2d325d93787943f9c24d720dfdc4bb1ccbe5ce539fba8549b |
| 5/10/2024 | BTC | 0.63503695 | $40,002.49 | 28f83fca2f378cf3ca9f1fc34fff7f63dd626a59854bfc7279781b3f3c9433c9 |
| 5/10/2024 | BTC | 0.65888815 | $40,001.88 | 50b84a9fc5d0c3f90872e646a364683f3b981572a86ae519fb2d39e343f0a920 |
| 7/21/2024 | BTC | 0.28439442 | $19,000.35 | ee583b12062d993394880d2e7a44956d8ecab170b475c8423099e4d8d66a9059 |

| 7/24/2024 | BTC | 0.43406537 | $29,000.58 | 7bd8ceace8b964756cee0990e444d3362475d3372c824816202da9871d014dbb |
| 7/27/2024 | BTC | 0.47160690 | $31,950.48 | dd7d92fc604b939ce6da8d705e4edb5f0e075adb81575c5d1753b9993f712e88 |